By the Court,

Cowen, J.
The old doctrine, always admitted to be questionable, (1 Kyd. on Corp. 223,) that trespass or ejectment will not lie against a corporation aggregate, is exploded by the modern authorities. (Second Precinct of Rehoboth v. Catholic Congregational Church, &c. in Rehoboth, 23 Pick. 139, 140, and the cases there cited.) In Bloodgood v. The Mohawk & Hudson R. R. Co., (18 Wend. 9,) trespass guare clausum fregit was held maintainable against a corporation. The action went through this court *632 and the court of errors without the objection being thought of. The material question relates to the effect of an appraisal, deposit, appeal, reversal and increase of appraisal by the chancellor, under the 9th and 10th sections of the act by which the defendants were incorporated: (Sess. Laxos, 1831, p. 229 Sp 230, 1.) By the 9th section it is declared that, upon depositing the amount of the original appraisal with costs, in a Troy bank, to the credit of the owner, and giving him notice, the corporation shall be deemed seised in fee simple and possessed of the land to which the appraisal relates. Then the 10th section provides that, if dissatisfied,. the owner may within 90 days &c. appeal to the court of chancery; and the decision of that court shall be final and conclusive.
In the case of the plaintiff, his damages were appraised at $120, which was duly deposited and notice given. Some 90 days after, he appealed to the court of chancery which decreed that the appraisal should be set aside, annulled, and held for naught., referring the question of damages to a master. The latter reported $600, and his report was confirmed, with a decree that the plaintiff should have execution for that sum. The company took possession and laid out and worked their road, without paying the sum awarded in chancery; and have hitherto refused to pay it. The question is, whether they can retain possession, or can be said to have acquired and continued a title in themselves without paying or depositing the amount of the appraisal in chancery. The company complied literally with the provisions of 'the 9th section. There was an appraisement, a deposite and notice. The consequence declared is, a transfer of title and possession from the plaintiff to them. The difficulty lies in their farther proposition—that their position was maintained notwithstanding the appeal, the reversal of the first appraisement, and the substitution of an increased sum by the court of chancery.
One effect of the latter proceeding cannot be disputed. The original appraisement was nullified; and, as between *633 the parties, became void. It is to be regarded as if it had never been. The reversal on appeal is, in its legal effect, as fatal to the Original judgment as if the reversal were by writ of error. An appeal is even more searching than error, as to the merits; for it looks both to law and fact, (6 Danés Abr., tit. Pleadings, eh. 188; Dunl. Adm. Pi. 316, 317;) whereas error regards the law only as it appears upon the record. In some other respects, I apprehend, an appeal will be found to operate more broadly than a writ of error; and in no case, unless its effect be limited • by positive provision, can a judgment or decree of reversal by appeal be considered as less fatal to the original proceeding than a reversal on error. Now the change or transfer of title, both of lands and goods, in virtue of a judgment, is quite common, and the effect of a reversal upon the party thus taking title is familiar. A man recovers land in a real action and takes possession under an execution, or he acquires title to land by extent, or to goods by sale under execution ; and the judgment is afterwards reversed. So far as he is concerned, his title is at an end, and the thing shall be restored in specie— not merely the value for which it was extended or purchased, but the thing itself. The only exception is, where the sale is to a stranger bona fide, or where a third person has bona fide acquired some collateral right from the party, before the reversal.. The cases to this doctrine are collected in Bac. Abr. tit. Error, (M.) 3. In Goodyere v. Ince, (Cro. Jac. 246, Yelv. 179, S. C., nom. Goodyer v. Junce,) the plaintiff had an extent of a term under an elegit, which was set aside as erroneous; and the court held, that the possession should be specifically restored to the defendant, though, according to Croke, the plaintiff had sold his right. The court said, there was a difference between this case, and where the sheriff has sold goods to a stranger under a fi. fa. Take the case of a fine, which is afterwards reversed for error. Here is a conveyance, for a valuable consideration, by the party’s consent. It is a judgment in form only. Yet the demand-ant’s title ceases, and the original title of the tenant is re *634 stored by operation of law. The claims thus subverted are quite as strong in favor of the party taking title under the judgment, as the one before us; and some of them even stronger. The title to the land here passed from the plaintiff, if it can be said to have passed at all, in invitum and by operation of law, in consequence of the judgment rendered by the appraisers and the deposite of the money. That judgment was reversed —it ceased to have any existence-—at least, from the time of the decree on appeal. The company say, although our judgment is gone, yet our title remains. Suppose they had brought ejectment against the plaintiff; the same principle would entitle them to recover. What is that principle plainly stated ? It is, that a party may recover land,. in virtue of a judgment which has ceased to exist.
Such a claim, it seems to me, is not only discountenanced by authority and all the analogies of the law, but derives “no strength from any principle. The title to a man’s land is transferred by the statute for the reason that he has "been paid á fair value. Chancery has decided that a fair value has not been paid; and that decision is declared by the same statute to be conclusive. Independently of the nullity thus wrought upon the original appraisement, the very cause and reason of the law has ceased to operate. In all other like cases, the cause ceasing, the effect likewise ceases. The judgment reversed ceases to avail the party who recovered it. So far from being able to use it offensively, he must restore all he took under it; if money, in an action for money received; if land, in an action of ejectment. The effort of the defendants is to derive a greater effect from a summary award, than the law ever ascribed to the most solemn and formal judgment in a court of record. This we think cannot be allowed. In good sense, the ninth section must be understood to declare the appraisement and deposite with the transfer of title, all subject to the revisory power of the tenth section. The suit on appeal was a continuance of and identical with that before the commissioners of appraisal.
New trial denied.